favoring use of the "mere fact" rule were even stronger than here, as the court held that impeachment of a defendant charged with murder by introduction of his conviction for voluntary manslaughter, although error, was not reversible error. In *Williams* (173 Ill. 2d 48, 670 N.E.2d 638), the argument for use of the "mere fact" rule was less compelling, but its use would still have been helpful. There, the major thrust of the prosecution's charges was murder and the supreme court held the defendant was properly impeached by evidence of his prior conviction for aggravated battery. Thus, in both *Williams* cases, convictions for crimes of violence were used to impeach defendants charged with murder.

Absent precedent requiring application of the "mere fact" rule, I do not deem the conviction of defendant here was error. He was impeached on a prior conviction of burglary, the very offense with which he was charged, but the court did apply the balancing test. Unlike the impeaching evidence in the *Williams* cases, the impeaching evidence in this case involved dishonesty, a factor given great significance for its probative value in regard to the veracity of the defendant. See *Montgomery*, 47 Ill. 2d at 516, 268 N.E.2d at 698.

Accordingly, I would affirm.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN A. HANNA, Defendant-Appellant.

Fourth District   No. 4—95—0881

Opinion filed May 2, 1997.